**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:     KISSIE GARTEI,           :     Chapter 7
                                    :
           Debtor                   :     Bky. No.  22-11355 ELF

# O R D E R

**AND NOW,** after a hearing held on **August 10, 2022,** to consider the validity and enforceability of the two (2) separate retention/compensation agreements between the Debtor and the Debtor's counsel (collectively, "the Bifurcated Agreements"), as described in Debtor's counsel's disclosure pursuant to Fed. R. Bankr. P. 2016(b), and pursuant to 11 U.S.C. §329 and Fed. R. Bankr. P. 2017, and for the reasons stated court, it is hereby **ORDERED** and **DETERMINED** that:

1. The Debtor's counsel's use of the Bifurcated Agreements, in the circumstances of this case, did not violate the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure and was valid, except to the extent stated below in this order.[1]

---

[1]  I reach this conclusion largely for the reasons expressed in In re Hazlett, 2019 WL 1567751 (Bankr. D. Utah Apr. 10, 2019); see also Guidelines for United States Trustee Program (USTP) Enforcement Related to Bifurcated Chapter 7 Fee Agreements (https://www.justice.gov/ust/bifurcated-fee).

I agree with the analysis in Hazlett, subject to two (2) qualifications.

First, while I agree that a complete and fulsome disclosure, (including, inter alia, the risks and benefits of incurring a post-petition obligation in order to retain an attorney's services, designed to permit a debtor to make an informed decision regarding entry into a bifurcated fee agreement with bankruptcy counsel), is essential to a valid bifurcated fee arrangement, I am not as sanguine about the real world impact of those disclosures.  Many (but not all) debtors lacking the funds to pay the up front legal expenses for a chapter 7 filing are facing what can be characterized as an emergency (or "exigent circumstances" as stated in 11 U.S.C. §109(h).  Such debtors may not be capable of critically evaluating what will often be the lengthy (multi-page), detailed disclosures that need to be made in support of a bifurcated fee agreement.  I say this not to suggest that the disclosures should not be made, but only to

(continued...)

2. The reasonable legal fee for the services provided by Debtor's counsel in this case is (both prepetition and postpetition) is $1,800.00.[2]

3. The portion of the legal fee attributable to the services provided under the parties' prepetition retention/compensation agreement is $540.00 of which $134.00 was paid prepetition.

4. The balance of the attorney's fee the Debtor owes to the counsel for the postpetition services provided under the postpetition retention/compensation agreement is $1,260.00 (not counting any payments made by the Debtor after the commencement of the bankruptcy case).[3]

---

[1](...continued)
point out that we should be realistic about the potentially limited benefit of the disclosures in facilitating an informed decision by the debtor.

Second, the Hazlett decision does not deeply explore the issue of the allocation of the legal fee between the prepetition and postpetition periods. If bankruptcy courts are going to allow the bifurcation fee agreements, the amounts charged in the two (2) periods (i.e., prepetition and postpetition) must bear some reasonable relationship to the services during the time period covered by each contract.

When a prospective debtor has very limited funds, both the debtor and counsel may be tempted to "backload" the fees into the postpetition contract. To the extent that courts permit this, in the interest of facilitating access to the courts, they may be engaging in a legal fiction. Even though the actual preparation and filing of the bankruptcy schedules and statement may occur postpetition, perhaps the most critical work performed by debtor's counsel in a chapter 7 case is the gathering and evaluation of sufficient information to ensure the propriety of the filing, both from a good faith and tactical perspective. This requires a review of a debtor's assets, debts and financial history, sufficient for counsel to form make an informed judgment call regarding the possible existence of non-exempt property, nondischargeable debts, potentially avoidable transfers and income levels that may render the filing in bad faith within the meaning of 11 U.S.C. §707(b). There may be some cases in which this legal work can be completed quickly, making it appropriate for the bulk of the legal work to be performed postpetition. But there also may be many cases where that is not possible and, in such cases, a strict allocation of time and fees between the prepetition and postpetition time periods may compel counsel to perform some uncompensated prepetition work or to decline to represent the debtor.

[2] I find this to be the fee that the Debtor's counsel would have charged without the "premium" added based on the Bifurcated Agreements and I find it to be reasonable.

[3] The reconstructed time records submitted by Debtor's counsel (whether based on the
(continued...)

**Date: August 11, 2022**

_____
**ERIC L. FRANK
U.S. BANKRUPTCY**

---

<sup>3</sup>(...continued)
time expended by counsel only, or the total time expended by both counsel and support staff) suggest that approximately 37-38% of the time spent on the case was prepetition. If I were to use this ratio between prepetition and postpetition services, the allocation would have been approximately $670.00 prepetition and $1,130.00 postpetition.

   I have allocated the fees more favorably to the Debtor's counsel, rather than mechanically applying the percentages derived from the time records. I have allocated the fee thirty percent (30%) prepetition and seventy percent (70%) postpetition. I make this allocation recognizing that, to some extent, the court, perhaps, is engaging in a fiction. However, in light of the particular facts here (i.e., in this case, the Debtor's asset/debt structure and financial history were sufficiently straightforward such that counsel was able to complete the necessary prepetition analysis in relatively short order), it would have been reasonable for the Debtor's counsel to divide the fee into its prepetition and postpetition components in that fashion.

   The allocation formula I have applied still results in a reduction of the Debtor's counsel's collectible fee. Under the Debtor's counsel's methodology, $134.00 was paid and payable for prepetition services and $1,666.00 (based on my determination that the reasonable fee is $1,800.00) would have been attributable to and payable for the postpetition services. This allocation has been changed to $544.00 prepetition (not all of which was paid) and $1,260.00 postpetition. When all of the adjustments are made, rather than collecting a total legal fee of $2,004.00 (both prepetition and postpetition) from the Debtor, in this case, the Debtor's counsel is entitled to collect a total of $1,394.00, $1,260.00 of which is for the postpetition period.